1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7   JESSICA NOEL P.,

8                           Plaintiff,            CASE NO. C19-1894-MAT

9           v.

10   ANDREW M. SAUL,                              ORDER  RE: SOCIAL SECURITY
     Commissioner of Social Security,            DISABILITY APPEAL

11

12                          Defendant.

13        Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

14   the Social Security Administration (Commissioner).   The Commissioner denied plaintiff's

15   application for Supplemental Security Income (SSI) after a hearing before an Administrative Law

16   Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

17   memoranda of record, this matter is AFFIRMED.

18                        **FACTS AND PROCEDURAL HISTORY**

19        Plaintiff was born on XXXX, 1986.[1]  She has a limited education and previously worked

20   as a fast food worker, telephone solicitor, cook helper, kitchen helper, and material handler.  (AR

21   61, 423.)

22        Plaintiff filed an application for SSI in 2013, alleging disability beginning June 1, 2012.

23

---

[1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

(AR 61.)   The application was denied at the initial level and on reconsideration.

On January 26, 2015, ALJ Kimberly Boyce held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 31-59.)  On May 28, 2015, the ALJ issued a decision finding plaintiff not disabled from the October 11, 2013 application date through the date of the decision.  (AR 13-26.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on October 11, 2016 (AR 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court, which remanded for reconsideration of three medical opinions.  (AR 490-505.)

On remand, the ALJ held a hearing on April 1, 2019.  (AR 433-57.)  On July 23, 2019, the ALJ issued a decision finding plaintiff disabled beginning July 7, 2016.  (AR 411-26.)  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff had severe impairments of degenerative disc disease, human immunodeficiency virus (HIV/AIDS), seizure disorder, depressive disorder, anxiety disorder, personality disorder, and substance abuse. In addition, beginning on the established onset date of disability, July 7, 2016, plaintiff had the

severe impairment of status post ischemic stroke likely resulting from HIV CNS vasculitis.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment until the July 2016 disability onset date.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform simple, routine work, not in a team and with only incidental public contact, at the light exertional level with additional postural and environmental limitations.  With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a cleaner, palletizer, or merchandise marker, prior to the July 2016 disability onset date.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.")  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v.*

*Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by discounting the same three medical opinions the Court ordered her to reconsider on the previous appeal. She requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Medical Opinion Evidence</u>

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted). Even if an ALJ includes erroneous reasons to discount a doctor's opinion, the error is harmless if the remaining reasons are valid. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

/ / /

<u>Examining Psychologists Shawn K. Kenderdine, Ph.D., and Richard W. Washburn, Ph.D.</u>

The ALJ gave little weight to both opinions as inconsistent with their own "fairly unremarkable" clinical findings. (AR 422.) Dr. Kenderdine performed an extensive mental status examination and reported entirely normal results except depressed mood, slight decrease in recall after a 5-minute delay, and impaired judgment. (AR 257-58.) Dr. Washburn's mental status examination results were entirely normal except for mood, affect, and recall after a 5-minute delay. (AR 334-35.) Conflict with their own clinical findings was a specific and legitimate reason to discount both opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (Rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province."). Plaintiff argues this was the same reason rejected by the Court in her earlier appeal. However, the ALJ's previous decision merely noted a lack of "severe limitations" in Dr. Kenderdine's results and a few normal results in Dr. Washburn's results. (AR 23.) In the decision at issue here, the ALJ remedied the defects noted in the Court's earlier order. The ALJ cited normal appearance, behavior, speech, thought content, stream of mental activity, orientation, memory, and concentration. (AR 422.) The extensive normal findings, with only a few minor abnormalities, conflict with opinions of extreme limitations in the ability to work. (*See* AR 336 (plaintiff "does not appear to have the emotional stability needed to cope with the normal stress of full time, gainful employment"), 256 ("ability to tolerate normal work-related stressors" compromised).)

The Court need not address the ALJ's remaining reasons because, even if erroneous, the error is harmless. The Court concludes the ALJ did not err by discounting Dr. Kenderdine's and Dr. Washburn's opinions.

/ / /

1    Treating Physician Jinny Kim, M.D.

2          The ALJ gave little weight to Dr. Kim's opinion plaintiff was limited to sedentary work

3    because the record showed "minimal to mild" clinical imaging results and "unremarkable physical

4    examinations." (AR 420-21.) This was a specific and legitimate reason to discount Dr. Kim's

5    opinions. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject

6    an opinion presenting inconsistencies between the opinion and the medical record). Plaintiff

7    argues the ALJ erred by interpreting raw MRI data. On the contrary, the ALJ did not make her

8    own assessment but cited plaintiff's treating providers' assessment that MRI studies showed mild

9    and minimal findings. (AR 393 ("MRI shows mild disc bulging and mild" degenerative joint

10   disease), 695 ("Minimal degenerative changes").)

11         Inclusion of other reasons, even if erroneous, was harmless. The Court concludes the ALJ

12   did not err by discounting Dr. Kim's opinions.

13   Non-examining Doctors' Opinions

14         Plaintiff contends the ALJ erred by giving greater weight to non-examining State agency

15   doctors' opinions than the opinions of examining and treating doctors Dr. Kenderdine, Dr.

16   Washburn, and Dr. Kim. However, because the ALJ permissibly discounted the examining and

17   treating doctors' opinions, there was no requirement to favor them over the non-examining

18   doctors' opinions. Plaintiff quibbles with the ALJ's reasons for accepting the non-examining

19   doctors' opinions, but an ALJ need not provide any reason for accepting a medical opinion. *See*

20   *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason

21   for rejecting physician's opinions where ALJ incorporated opinions into RFC); *Orteza v. Shalala*,

22   50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but

23   not for accepting and interpreting one). The Court concludes the ALJ did not err by accepting the

ORDER
PAGE - 6

non-examining State agency doctors' opinions.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>14th</u> day of September, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 7